JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02242-DOC-ADSx                                    Date:  January 11, 2024

Title: CALVIN GULLEY V. JAMES RIVER INS. CO. , ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):  ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT**

The Court, on its own motion, REMANDS this case to California Superior Court, County of Orange.

## I.   Background

Defendant James River Insurance Company ("Defendant") removed this insurance action to federal court on November 30, 2023. In the Notice of Removal ("Notice") (Dkt. 1), Defendant argued that this Court had diversity jurisdiction. Notice at 4. On January 3, 2024, the Court issued an order to show cause regarding the amount in controversy ("OSC") (Dkt. 11). One week later, Defendant responded to the OSC arguing that the amount in controversy exceeded the statutory threshold of $75,000. *See generally* Response (Dkt. 12). The Court disagrees.

## II.   Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02242-DOC-ADSx                                       Date: January 11, 2024

Page 2

relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); Crum v. Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount less than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02242-DOC-ADSx　　　　　　　　　　　　　　　Date: January 11, 2024

Page 3

evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and prove the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id.* Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, id., or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction sua sponte. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III. Discussion

Defendant argues that the amount in controversy exceeds $75,000 because (1) Plaintiff requests $444,198 in "*Brandt* fees," Response at 2-4, and (2) Plaintiff's emotional distress damages exceed $75,000, *id.* at 4.

The Court will not include *Brandt* fees in the amount in controversy. In *Brandt*, the California Supreme Court held that "attorneys' fees reasonably incurred to compel payment of [insurance] policy benefits [are] recoverable as an element of the damages resulting from" the defendant's tortious conduct. *Brandt v. Superior Court*, 37 Cal.3d 813, 815 (1985). Defendant cites *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) as support for including *Brandt* fees in the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-02242-DOC-ADSx | Date: January 11, 2024 |
| | Page 4 |

controversy. Response at 3. However, *Conrad* held that "*Brandt* fees *may* be considered in determining whether the amount in controversy exceeds the jurisdictional floor." 994 F. Supp. at 1199 (emphasis added). This holding dovetails with the Ninth Circuit's general rule that trial courts have discretion regarding whether to include attorneys' fees in the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, the Court exercises its discretion to exclude the $444,198 in *Brandt* fees from the amount in controversy.

Nor will the Court include Plaintiff's alleged emotional distress damages in the amount in controversy. Given the nature of Plaintiff's injury—Defendant's alleged wrongful denial of insurance benefits—$75,000 worth of emotional distress damages is difficult to credit. While some plaintiffs have won large emotional damages awards resulting from an insurer's bad faith, *see* Response at 4 (citing cases), many plaintiffs have received no compensation for their emotional distress in such cases. *See, e.g.*, *Wallis v. Centennial Ins. Co., Inc.*, Civ. No. 08–2558 WBS AC, 2014 WL 670199, at * 3 (E.D. Cal. Feb. 20, 2014). Therefore, Defendant has not met its burden to show that, by a preponderance of the evidence, Plaintiff's emotional distress damages exceed $75,000.

Because Defendant has not met its burden to show that more than $75,000 is at issue in this case, the Court lacks diversity jurisdiction.

## IV. Disposition

For the reasons explained above, the Court **REMANDS** this case to Orange County Superior Court.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kdu |
| CIVIL-GEN | |